Moore and another v. O'Fallon and others.*

*(District Court, E. D. Missouri. March 9, 1882.)*

1. Courts—Jurisdiction—Bankruptcy.

Where the jurisdiction of a United States district court over a cause depends upon the fact that one of the plaintiffs is the assignee of a bankrupt whose estate is interested in the controversy, the court will cease to have jurisdiction if the interest of the estate ceases, and the cause is dismissed as to the assignee.

Motion to Dismiss for Want of Jurisdiction.

The parties to the original bill in this case were James C. Moore and James E. Yeatman, as assignees in bankruptcy of J. O'Fallon and Samuel Hatch, and George W. Hall, Peleg Hall, and Robert Aull, trustees of Hall & Hall, plaintiffs, and John O'Fallon, James O'Fallon, and Anna M. O'Fallon, defendants. The case was dismissed by a supplemental bill as to the assignees of O'Fallon & Hatch. The other material facts are sufficiently stated in the opinion of the court.

*Given Campbell, James Taussig,* and *George W. Taussig,* for plaintiffs.

*E. F. Farrish,* for defendants.

TREAT, D. J. Many questions are presented worthy of serious discussion, jurisdictional and otherwise. If the court, despite the shifting aspect of the case, retains jurisdiction for the purpose of ascertaining what the present plaintiffs would be, under any circumstances, entitled to as damages for waste, would involve many difficulties. They became purchasers July 17, 1874, and bought the property as it then stood. They certainly cannot go back of the date of the assignment to them of the original mortgage and have the court inquire as to the prior license granted by the mortgagee to clear the land, and of what was done under that license unrevoked subsequent to the assignment. By this it is meant that the assignees would stand in the same position as their assignor, so far as the subsisting mortgage of the realty and the license granted was concerned, but no further. As such assignees they had a demand against James J. O'Fallon, the bankrupt, who was the indorser of the mortgage note, and were compelled to realize on their security, or ascertain its value, before they could prove up against the general estate in bankruptcy of James J.

*Reported by B. F. Rex, Esq., of the St. Louis bar.

O'Fallon for the balance remaining. Having become purchasers of the mortgaged property, thus ascertaining its value, they appear before this court solely in that capacity, if they have now any right to proceed here. As purchasers they acquired the property as it was, stripped by waste if you will, previous to their purchase. They did not thereby acquire the right to damages for previous waste unless it passed by joint sale; for that right belonged solely to the bankrupt's assignee, and would be assets of the bankrupt's estate, or would be so much added to the value of the security. Dates are confused, leaving the facts to be settled as best they may under the evidence. The latest date for cutting timber on the Huskey tract is in July, 1874; but whether such cutting was before or after the plaintiffs became purchasers there is nothing to show with definiteness.

Without going through by way of detailed analysis the large amount of evidence offered, the court holds that the plaintiffs, in the present aspect of the case, could not recover damages for any waste done prior to their purchase, July 17, 1874, and that there is no proof satisfactorily shown of any waste subsequent to that date for which the defendant is responsible.

To make this ruling more intelligible a full history of the case ought to be given: The salient points are that James J. O'Fallon was the mortgagee of the estate of the defendant; that as such mortgagee he licensed his mortgagor to proceed with the improvements of the mortgaged premises, which consisted mostly of wild land; that the mortgagor thereupon cleared many acres, felling timber, etc., and also improving the residence building; that James J. O'Fallon, the mortgagee, to secure some of his partnership indebtedness, assigned the mortgage to the plaintiffs, (partnership creditors;) that the partnership went into bankruptcy, together with James J., the partner; that thereupon, in the course of the administration of the bankrupt estate, it became necessary for the assignees in bankruptcy, and of these plaintiffs, holding the original mortgage, to institute proceedings to prevent waste, whereby the security would otherwise be diminished in value, and the plaintiffs have a large demand against the bankrupt's general estate. The security was sold, and these plaintiffs became the purchasers. What did they buy? The property as it then was, diminished by whatever waste had been previously committed? As purchasers they acquired no right of action as to waste previously committed, unless the same is covered by the sale. If such waste had been committed, whose was the right to recover therefor? If that right belonged to these plaintiffs, as assignees of the

mortgage, they should have enforced the same, and accounted therefor in the settlement of the bankrupt estate. If they did not so account, the assignees in bankruptcy were entitled to the amount, to be divided among the general creditors. Certainly, these plaintiffs, as assignees of a mortgage, could not, on becoming purchasers at the mortgage sale, be entitled to become creditors for the deficiency, and also for waste, in consequence of which they bought the property for a diminished sum. To make this more clear let it be supposed that a stranger, on July 17, 1874, bought the property and received a deed therefor. He bought the property as it then stood, and not a right of action as to antecedent waste. Could he, because he was not only purchaser but mortgage creditor, acquire any rights other than what any other purchaser would secure? If so, to whom belonged the damages for antecedent waste? If to the assignee of the mortgage, was it not his duty to prove the same as an independent demand against the general estate, or, as in this case, for the bankrupts' assignees to recover the same as general assets?

In any view of the case which may be presented it seems that the conclusion announced is the only tenable one.

But there is a motion pending and reserved, viz., to dismiss for want of jurisdiction. Plaintiffs' right to appear in this court depended mainly on the joinder of the assignees in bankruptcy, who were supposed to have some interest in the controversy. When the latter disappeared from the suit, what was the controversy? It was one between the mortgagor and the assignee of the mortgage, who had become purchaser under foreclosure. The bankrupt estate had no longer any interest therein, and consequently this court no jurisdiction. Hence, whether the motion to dismiss for want of jurisdiction obtains, or the court is to pass on the merits, the same result follows. On the merits the plaintiffs cannot prevail; but as the court has no jurisdiction it cannot pass on the merits.

The motion to dismiss will be sustained.